**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 05-7018

---

LAWRENCE RUSSELL SAVAGE,

                                  Petitioner - Appellant,

          versus

COMMONWEALTH OF VIRGINIA; CITY OF PORTSMOUTH,
VIRGINIA,

                                  Respondents - Appellees.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (CA-05-330)

---

Submitted:  August 25, 2005          Decided:  September 2, 2005

---

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Lawrence Russell Savage, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lawrence Russell Savage, a state prisoner, seeks to appeal the district court's order construing his motion titled "Independent Action Motion to Vacate Void Judgment" as an unauthorized successive petition under 28 U.S.C. § 2254 (2000), and dismissing it for lack of jurisdiction, as well as the district court's order denying his motion for reconsideration of that order. An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Savage has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003), we construe Savage's notice of appeal and informal brief as a motion for authorization under 28

U.S.C. § 2244 (2000), to file a successive habeas corpus petition. To obtain permission to bring a second or successive § 2254 petition, a movant must show that his claim:  (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence.  28 U.S.C. § 2244.  We conclude that Savage has not satisfied either standard.

Accordingly, we deny Savage leave to proceed in forma pauperis, deny Savage's implicit application for leave to file a successive § 2254 petition, deny Savage's motion for certificate of appealability, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED